UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DASHANTE SCOTT JONES, : | |
| *Plaintiff*, : | |
| : | CASE NO. |
| v. : | 3:18-cv-1237 (VAB) |
| : | |
| JEFF MORGAN, et al., : | |
| *Defendants.* : | |

## INITIAL REVIEW ORDER

On July 25, 2018, Dashante Scott Jones ("Plaintiff"), a former state prisoner, filed a civil Complaint *pro se* under 42 U.S.C. § 1983 against Connecticut State Police Detective Jeff Morgan, Lieutenant Eric Cooke, Commissioner of Public Protection and Emergency Services John Doe 1, and Chief of State Police John Doe 2 in their official and individual capacities for damages. Compl., ECF No. 1 (July 25, 2018).

Mr. Jones appears to be suing the Defendants for violating his rights under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment and raising an additional Eighth Amendment claim against Detective Morgan for failure to protect him from harm. *Id.*

On July 27, 2018, Magistrate Judge William I. Garfinkel granted Mr. Jones's motion to proceed *in forma pauperis*. Order, ECF No. 7 (July 27, 2018).

On August 12, 2019, Mr. Jones filed a motion to amend his Complaint to add five more defendants: Department of Correction Officer Wagner, Captain Watson, Lieutenant Durant, Nurse Delrose Roderick, and District Administrator Edward Maldonado. Mot. to Amend, ECF No. 17 (Aug. 12, 2019). In his motion, he lists several constitutional and state law claims against these defendants and seeks to change the amount of damages he seeks, but he does not attach an Amended Complaint. *Id.* at 1-4.

Mr. Jones has also filed a motion for order compelling Defendants to submit video evidence, Mot. for Order, ECF No. 13 (Apr. 2, 2019); a motion for emergency protection, Mot. for Emergency Prot., ECF No. 15 (May 23, 2019); and a motion requesting to submit expert witness testimony, Mot. to Request Expert Witness Testimony, ECF No. 20 (Feb. 20, 2020).

For the following reasons, the Court will **DISMISS** Mr. Jones's Complaint, **DENY** his motion to amend without prejudice subject to refiling an Amended Complaint, and **DISMISS** all other pending motions as moot.

### I. STANDARD OF REVIEW

A court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).

Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## II. BACKGROUND[1]

On January 23, 2018, at the Cheshire Correctional Institution ("Cheshire"), Officer Wagner allegedly handcuffed Mr. Jones and then allegedly strangled him. Compl. at 6.[2] In Mr. Jones's view, it was an attempt to kill him, allegedly in retaliation for a lawsuit he had previously filed against Warden Scott Erfe, Officer Wagner's superior. *Id.*[3] After the alleged assault, prison authorities allegedly placed Mr. Jones in-cell restraints for seventy two to seventy four hours. *Id.* Upon his release, Mr. Jones allegedly called his attorney and wrote a letter to the Connecticut State Police, requesting that criminal charges be brought against Officer Wagner. *Id.*

Approximately one to two months later, Detective Morgan allegedly contacted Mr. Jones regarding his letter. *Id.* Mr. Jones had since been transferred to Garner Correctional Institution ("Garner"), and Detective Morgan came to visit him there to inquire about his allegations. *Id.* Officer Morgan allegedly had Mr. Jones sign some paperwork without allowing him to read all of it, and he allegedly spoke with Mr. Jones about the incident with Officer Wagner. *Id.* at 5-6.

Mr. Jones allegedly told Detective Morgan to review the video surveillance footage from the incident, which he believed would show that Officer Wagner was at fault. *Id.* at 5. Mr. Jones also allegedly told Detective Morgan that correctional officials had relied upon the video in dismissing a disciplinary charge against Mr. Jones that had been filed in connection with the incident. *Id.* At the conclusion of the interview, Detective Morgan allegedly told Mr. Jones to

---

[1] All factual allegations are drawn from Mr. Jones's initial Complaint, ECF No. 1 (July 25, 2018).

[2] Some pages in the Complaint are filed out of order or as supplemental pages. Citations to the Complaint in this ruling are to the ECF document page number for clarity.

[3] Mr. Jones is referring to a case closed on June 20, 2019, *Jones v. Waldron*, No. 3:15-cv-613 (VAB), which involved claims of excessive force, deliberate indifference to safety, and failure to protect from harm against several correctional officials arising from an incident at Corrigan-Radgowski Correctional Center on May 22, 2014.

have his unit counselor contact him to follow-up with the investigation and to obtain copies of what Mr. Jones had signed. *Id.* Despite several alleged attempts by Mr. Jones' counselor to follow-up, Detective Morgan allegedly never responded with any additional information. *Id.* Mr. Jones allegedly later learned that Detective Morgan had concluded his investigation finding no criminal liability on Officer Wagner's part due to a lack of evidence. *Id.*

Mr. Jones allegedly continued to seek action against Officer Wagner for attempted murder and against Detective Morgan for failing to conduct a proper investigation into the incident. *Id.* at 7. Mr. Jones allegedly filed a grievance, and he received a response from Lieutenant Cooke of the Internal Affairs Unit of the Connecticut State Police on June 22, 2018. *Id.* In his written response, appended to the Complaint, Lieutenant Cooke allegedly stated the following:

> I reviewed the investigation completed by Trooper Morgan in its entirety and found a thorough, well-written, and very descriptive report. The investigative steps included interviewing witnesses, video footage, and report review and a lack of corroborating physical evidence. In the end, Trooper Morgan was unable to substantiate the charges forwarded in your letter. No violations of policy were discovered within this review.

*Id.* at 10 (Letter from Lt. Eric Cook to Dashante Jones, Conn. State Police Office of Internal Affairs (June 22, 2018)). Commissioner John Doe 1 and Chief John Doe 2 were also allegedly notified of Mr. Jones's Complaint but allegedly failed to take any responsive action. *Id.* at 7.

### III. DISCUSSION

Based on the initial Complaint, Mr. Jones appears to be suing Detective Morgan, Lieutenant Cooke, Commissioner Doe 1, and Chief Doe 2 for violations of his Fourteenth Amendment rights to due process and equal protection of the laws. Compl. at 8. He also appears

to be raising an Eighth Amendment claim against Detective Morgan for failing to protect him from harm. *Id.*

For the reasons stated below, however, Mr. Jones has not stated any plausible constitutional claims.

**A. The Alleged Due Process Claim**

The Fourteenth Amendment provides that a State shall not "deprive any person life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In order to state a procedural due process claim, a plaintiff must allege facts showing that government officials deprived him of a liberty or property interest, or a fundamental constitutional right. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (in analyzing procedural due process claims, courts "first ask whether there exists a liberty or property interest of which a person has been deprived"). In order to state a substantive due process claim, a plaintiff must allege that he was deprived of a fundamental right. *See United States v. Medunjanin*, 752 F.3d 576, 590 (2d Cir. 2014) ("The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." (quoting *Albright v. Oliver*, 510 U.S. 266, 272 (1994))).

Mr. Jones claims that Defendants' refusal to investigate and/or prosecute Officer Wagner for crimes of which he complained constituted a denial of due process under the Fourteenth Amendment. Compl. at 8.

The Court disagrees.

It is well-established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *R.S. v. D.*, 410 U.S. 614, 619 (1973). "The

5

Constitution does not provide an individual a cause of action for the failure of the police to investigate a crime." *Bourguignon v. Lantz*, No. 3:05-cv-245 (SRU), 2006 WL 214009, at *7 (D. Conn. Jan. 25, 2006); *see also Altayeb v. Chapdelaine*, No. 3:16-cv-67 (CSH), 2016 WL 7331551, at *5 (D. Conn. Dec. 16, 2016) (an incarcerated individual had no constitutional right to investigation or to have other inmate prosecuted); *Osuch v. Gregory*, 303 F. Supp. 2d 189, 194 (D. Conn. 2004) ("An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted").

Because Mr. Jones lacks a constitutional right to have Officer Wagner investigated and/or prosecuted for his actions against him, he cannot establish that any of the Defendants violated his due process rights by failing to conduct an investigation or seek criminal action against Officer Wagner.

Accordingly, Mr. Jones's Fourteenth Amendment Due Process Clause claim must be dismissed.

### B. The Alleged Equal Protection Claim

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). The Equal Protection Clause "protects prisoners from invidious discrimination." *Riddick v. Arnone*, No. 3:11-cv-631 (SRU), 2012 WL 2716355, at *3 (D. Conn. July 9, 2012). It does not require identical treatment for each individual; rather, it requires that a similarly situated person be treated the same. *Muhmmaud v. Murphy*, 632 F. Supp. 2d 171, 178

6

(D. Conn. 2009) (citing *City of Cleburne, Tex.*, 473 U.S. at 439-40). "To state a claim for an equal protection violation, a plaintiff must plausibly allege 'that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination.'" *Rossi v. Fischer*, No. 13-cv-3167 (PKC/DF), 2015 WL 769551, at *13 (S.D.N.Y. Feb. 24, 2015) (quoting *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005)).

Mr. Jones claims that Defendants' failure to investigate and/or prosecute Officer Wagner in response to his complaint constituted unlawful discrimination under the Equal Protection Clause of the Fourteenth Amendment. Compl. at 8.

The Court disagrees.

Mr. Jones' Complaint lacks the factual allegations necessary for this claim to move past this Court's review under 28 U.S.C. § 1915A. His assertion that Defendants purposefully chose not to investigate and/or prosecute Officer Wagner on the basis of discrimination is conclusory. There are no allegations showing that any of the Defendants acted or failed to act out of discrimination, or that Defendants treated Mr. Jones differently than other similarly situated individuals.

Lieutenant Cooke's letter to Mr. Jones explains that Detective Morgan thoroughly investigated the incident and found an insufficient evidentiary basis for the crimes which Mr. Jones alleged Officer Wagner committed. Mr. Jones has not alleged any facts, which could show that Officer Morgan's findings were motivated by discrimination. Instead, Mr. Jones argues that, if an inmate had been accused of assaulting a correction officer, the Defendants would have conducted a more thorough investigation and prosecuted the inmate. *See* Compl. at 8. But this argument is based on his own speculation and his Complaint otherwise lacks "factual content

7

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Accordingly, Mr. Jones's Fourteenth Amendment Equal Protection Clause claim must be dismissed.

### C. The Alleged Failure to Protect Claim

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of . . . inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). A prison official's failure to prevent harm violates a prisoner's Eighth Amendment protection against cruel and unusual punishment when two requirements are met.

First, the incarcerated individual must allege facts showing that the deprivation was "objectively, sufficiently serious . . . ." meaning that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Secondly, the prisoner must allege facts showing that the official acted with a "sufficiently culpable state of mind." *Id.* (quoting *Wilson*, 501 U.S. at 302-03). This requirement is based on the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Id.* (quoting *Wilson*, 501 U.S. at 297). The official must have disregarded an excessive risk to the prisoner's health or safety. *See id.* at 837 ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

Mr. Jones appears to claim that Detective Morgan violated his Eighth Amendment protection against cruel and unusual punishment by failing to protect him from the harm committed by Officer Wagner.

The Court disagrees.

Mr. Jones alleges that Detective Morgan is a state trooper, not a prison official, and he alleges no facts suggesting that Detective Morgan knew of any risk of harm to Mr. Jones before the alleged assault on January 23, 2018. Mr. Jones's Eighth Amendment claim thus is based solely on Detective Morgan's alleged failure to investigate and/or prosecute the alleged perpetrator of the assault, a claim which, as discussed above, does not implicate any of Mr. Jones' constitutional rights. Mr. Jones therefore has failed to state an Eighth Amendment claim against Detective Morgan.

Accordingly, Mr. Jones's Eight Amendment claim must be dismissed.

**ORDER**

(1)     The initial complaint is **DISMISSED without prejudice** for failure to state a plausible claim under 28 U.S.C. § 1915A.

(2)     The motion to amend the complaint, ECF No. 17, is **DENIED without prejudice** because Mr. Jones did not attach an amended complaint. Mr. Jones may not request amendments or supplements to his Complaint in a motion without filing an Amended Complaint.

(3)     If Mr. Jones wishes to proceed with this case, he must file an "Amended Complaint" by **March 27, 2020**.

The Amended Complaint will completely replace the initial Complaint and must (1) list the names of all Defendants in the case caption under Rule 10 of the Federal Rules of Civil Procedure; and (2) contain all factual allegations and the claims for which Mr. Jones is suing those Defendants.

Mr. Jones also is advised to write legibly in the Amended Complaint with spaces in between the lines so that the Court can clearly interpret his allegations and claims.

**Failure to file a proper Amended Complaint by March 27, 2020, will result in the dismissal of this case with prejudice.**

(4)     Because the initial Complaint has been dismissed, the motion to compel video evidence, ECF No. 13, the motion for emergency protection, ECF No. 15, and the motion for expert witness testimony, ECF No. 20, are **DENIED as moot**.

**SO ORDERED** on this 26th day of February, 2020, at Bridgeport, Connecticut.

                              /S/
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE