UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DASHANTE SCOTT JONES, | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 3:18-cv-1237 (VAB) |
| | : | |
| JEFF MORGAN, et al., | : | |
| Defendants. | : | |

**ORDER ON MOTION TO AMEND**

On July 25, 2018, Dashante Scott Jones ("Plaintiff"), who was then a former state

prisoner, filed a civil Complaint *pro se* under 42 U.S.C. § 1983 against Connecticut State Police

("CSP") Detective Jeff Morgan, Lieutenant Eric Cooke, Commissioner of Public Protection and

Emergency Services John Doe 1, and Chief of State Police John Doe 2 in their official and

individual capacities for damages. Compl., ECF No. 1 (July 25, 2018).

Mr. Jones appeared to be suing Defendants for violating his Fourteenth Amendment

rights to due process and equal protection of the laws and raising an additional Eighth

Amendment claim against Morgan for failure to protect from harm. *Id.* On August 12, 2019, Mr.

Jones filed a motion to amend his Complaint to add five more defendants: Department of

Correction Officer Wagner, Captain Watson, Lieutenant Durant, Nurse Delrose Roderick, and

District Administrator Edward Maldonado. Mot. to Amend, ECF No. 17 (Aug. 12, 2019).

On initial review, the Court dismissed Mr. Jones's initial Complaint without prejudice for

failure to state a plausible claim, and it denied without prejudice his motion to amend because he

had not attached an amended complaint. Initial Review Order at 10, ECF No. 21 (Feb. 26, 2020).

The Court instructed Mr. Jones that he should file an "Amended Complaint" if he wished to

proceed with this case. *Id.*

On March 9, 2020, Mr. Jones filed a motion to amend, requesting the dismissal of his action against Detective Morgan, the Public Safety Commissioner and all parties who work for the State Police. Mot. to Amend, ECF No. 23 (Mar. 9, 2020). He represents that he would like to proceed with an Eighth Amendment claim against Officer Wagner. Mr. Jones, however, indicates that he is again incarcerated and that he no longer has his notes concerning the dates and locations relevant to his claims; he also represents that he is not receiving any assistance in proceeding with this matter. *Id.* He requests that the Court amend his complaint to assert an Eighth Amendment violation against Officer Wagner. *Id.*

The Court will deny this request. As the Court stated, if Mr. Jones wishes to proceed with an action against Officer Wagner, he must file an amended complaint alleging factual allegations that support his claims.

Because Mr. Jones represents that he did not receive the Court's initial review order and that he is not in possession of his legal work, the Court will instruct the clerk to send Mr. Jones his initial complaint (ECF No. 1), his Motion to Amend (ECF No. 17), and this Court's Initial Review (ECF No. 21).

The Court also instructs Mr. Jones to seek assistance from an attorney at the Inmates' Legal Assistance Program (ILAP) in litigating this case. *See* State of Connecticut Department of Correction Administrative Directive 10.3[1] (providing that the Department of Correction "shall contract with a law firm/agency to provide legal assistance to inmates and inmate access to the civil judicial system"); *Jones v. Forbes*, No. 3:15-cv-613 (VAB), 2015 WL 6757523, at *1 (D. Conn. Nov. 5, 2015) ("The Department of Correction has afforded inmates access to legally

---

[1] Administrative Directive 10.3, Inmate Legal Assistance (effective November 18, 2015), may be found online at https://www.portal.ct.gov/DOC under Directives and Policies.

trained persons through their contract first with Inmates' Legal Assistance Program, and now with the Inmate Legal Aid Program . . . ."). The scope of the services provided by ILAP includes rendering assistance "through advice, counsel and physical preparation of  meaningful legal papers such as writs, complaints, motions and memorandum of law for claims having legal merit." Admin. Dir. 10.3(3). Although the attorneys at ILAP may not be able to represent Mr. Jones, they may be available to answer questions or provide instruction or assistance on how to amend his complaint.

## CONCLUSION

For the foregoing reasons, Mr. Jones's motion to amend (ECF No. 23) is **DENIED**. Mr. Jones, however, may still file an Amended Complaint until **April 17, 2020**.

In the caption of his Amended Complaint, Mr. Jones should list only Defendants against whom he brings claims in his Amended Complaint. The Court has already dismissed all Defendants from this action without prejudice.

**Failure to file a proper Amended Complaint by April 17, 2020, will result in the dismissal of this case with prejudice.**

The Clerk is instructed to send Mr. Jones this order, and his initial Complaint (ECF No. 1), his Motion to Amend (ECF No. 17), and this Court's Initial Review Order (ECF No. 21).

**SO ORDERED** at Bridgeport, Connecticut this 12th day of March, 2020.

_____/S/_____
Victor A. Bolden
United States District Judge

3